IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY AFFETTO,

                Plaintiff,

    v.

FEDERAL BUREAU IN PRISONS,

                Defendant.[1]

ORDER

3:07-cv-00630-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for injunctive relief brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§701-706. Plaintiff Anthony Affetto, a federal prisoner, alleges that defendant Federal Bureau of Prisons is using 28 C.F.R. §§ 570.20 and 570.21 to determine when he is eligible for placement in a halfway house (which defendant now calls a Residential Reentry Center). Under §§ 570.20 and 570.21, plaintiff may not be transferred to a halfway house until the final 10% of his sentence. He contends that the regulations are invalid under 18 U.S.C. § 3621(b), which permits the Federal Bureau of

---

[1]Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one.

1

Prisons to place prisoners in "any available penal or correctional facility," using five statutory criteria to make the assessment. He requests a preliminary injunction directing defendant to determine his eligibility for halfway house placement without reference to §§ 570.20 and 570.21. Plaintiff has paid the filing fee in full.

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen the complaint and dismiss any portion of it that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendantwho by law cannot be sued for money damages. Plaintiff raises a similar claim to the one raised in <u>Tristano v. Federal Bureau of Prisons</u>, No. 07-C-189-C (W.D. Wis. 2007), in which I granted a preliminary injunction to a prisoner arguing that 28 C.F.R. §§ 570.20-21 were invalid and that 18 U.S.C. § 3621(b) entitled him to immediate consideration for transfer to a halfway house. Accordingly, I conclude that plaintiff has stated a claim upon which relief may be granted on his claim against respondent.

Because defendant has been served with plaintiff's complaint, the next step is to determine whether plaintiff is entitled to a preliminary injunction. Time is of the essence because plaintiff alleges that he is eligible for transfer *now* if defendant does not rely on §§ 570.20 and 570.21. Accordingly, IT IS ORDERED that defendant Federal Bureau of Prisons may have until February 25, 2008 in which to show cause why plaintiff's motion for

2

a preliminary injunction should not be granted.

Entered this 8th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3