IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY AFFETTO,

                                                                        ORDER

                 Plaintiff,

                                                     07-cv-630-jcs

     v.

FEDERAL BUREAU OF PRISONS,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for injunctive relief brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§701-706. Plaintiff Anthony Affetto, a federal prisoner, alleges that defendant Federal Bureau of Prisons is using 28 C.F.R. §§ 570.20 and 570.21 to determine when he is eligible for placement in a halfway house (which defendant now calls a Residential Reentry Center). Under §§ 570.20 and 570.21, plaintiff may not be transferred to a halfway house until the final 10% of his sentence, which plaintiff will reach on April 16, 2008. Cpt. ¶5, dkt. #1; Ans. ¶5, dkt. #25. He contends that the regulations are invalid under 18 U.S.C. § 3621(b), which permits the Federal Bureau of Prisons to place prisoners in "any available penal or correctional facility," using five statutory criteria to make the assessment. He requests a preliminary injunction directing defendant to determine his

1

eligibility for halfway house placement without reference to §§ 570.20 and 570.21.

Plaintiff raises the same claim raised in Tristano v. Federal Bureau of Prisons, No. 07-C-189-C, 2004 WL 5284511 (W.D. Wis. April 17, 2007), in which I granted a preliminary injunction to a prisoner arguing that 28 C.F.R. §§ 570.20 and 570.21 were invalid and that 18 U.S.C. § 3621(b) entitled him to immediate consideration for transfer to a halfway house. (A copy of the decision in Tristano was sent to the parties with the order granting plaintiff leave to proceed in this action.) Like the plaintiff in Tristano, plaintiff seeks an immediate consideration for transfer to a halfway house.

The Court of Appeals for the Seventh Circuit has still not yet had the opportunity to consider the validity of 28 C.F.R. §§ 570.20 and 570.21. (Thus far, four courts of appeals have invalidated §§ 570.20 and 570.21. Wedelstedt v. Wiley, 477 F.3d 1160, 1168 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 81 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1090-91 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005). One court of appeals has upheld the regulations. Muniz v. Sabol, – F.3d –, Nos. 06-2692 and 06-2693, 2008 WL 497056 (1st Cir. Feb. 26, 2008).) Until the Court of Appeals for the Seventh Circuit considers the issue, I will continue to apply the holding of Tristano.

Defendant acknowledges that Tristano controls this case. Accordingly, I will grant plaintiff's motion for a preliminary injunction.

2

ORDER

IT IS ORDERED that

Plaintiff Anthony Affetto's motion for a preliminary injunction is GRANTED. Defendant Federal Bureau of Prisons is directed to immediately consider plaintiff for transfer to a halfway house, using the factors identified in 18 U.S.C. § 3621(b) and without reference to 28 C.F.R. §§ 570.20 and 570.21. Defendant may have until March 14, 2008, in which to show cause why a permanent injunction should not be issued enjoining it from using §§ 570.20 and 570.21 to determine whether a halfway house placement is appropriate for plaintiff. If defendant does not respond by March 14, 2008, I will enter judgment in favor of plaintiff and direct the clerk of court to close this case.

Entered this 29th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3